**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2962
_____

JIAN WEN CHEN,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A093-389-992)
Immigration Judge:  Margaret R. Reichenberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 11, 2012

BEFORE:  HARDIMAN, GREENAWAY, JR., and GREENBERG, Circuit Judges

(Filed:  April 13, 2012)
_____

OPINION OF THE COURT
_____

GREENBERG, Circuit Judge.

        Jian Wen Chen petitions for review of an order of the Board of Immigration

Appeals ("BIA") affirming a decision of an Immigration Judge ("IJ") denying him

1

asylum, withholding of removal, and relief under the Convention Against Torture

("CAT"). For the reasons we set forth below, we will deny the petition for review.

Chen, a citizen of China, entered the United States on September 19, 2006,

without inspection. On May 14, 2007, he filed an application with the Department of

Homeland Security seeking asylum as a refugee as he feared persecution if returned to

China by reason of its enforcement of family-planning birth control policies. In response,

the Department charged him with being removable under section 212(a)(6)(A)(i) of the

Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(A)(i), as an alien who was

present in the United States without being admitted or paroled. In the ensuing

proceedings Chen conceded that he was removable as charged, but applied for asylum,

withholding of removal, and protection under the CAT claiming that he feared being

persecuted if he returned to China both because of his resistance to China's family-

planning policies and because he practiced Falun Gong. His reference to Falun Gong

expanded the basis for his claims over the basis that he originally had set forth with

reference to family-planning policies.

Chen testified at a hearing before an IJ that after his wife became pregnant with

their second child, family-planning officials forced her to have an abortion.

Nevertheless, Chen did not leave China for the United States until two years later. In his

trip to the United States he stopped in Mexico City for 20 days where he met a man

named Jian X. Dong, who introduced him to Falun Gong. Subsequently, Dong and Chen

practiced Falun Gong together, and Chen has engaged in this practice intermittently since

2

that time. According to Chen, Dong called him in 2008 and informed him of his removal to China and his imprisonment due to his involvement in Falun Gong.

The IJ concluded in a June 1, 2009 oral decision that Chen was removable because he did not meet his burden of proof to support his claims for asylum, withholding of removal, or CAT relief. Chen then appealed to the BIA, which dismissed the appeal on the merits. In its opinion the BIA agreed with the IJ that Chen had failed to provide credible testimony in support of his claim that he feared future persecution because he was a Falun Gong practitioner. Moreover, the BIA upheld the IJ's holding that Chen was not entitled to relief due to his wife's experiences with China's family-planning officials. In particular, it pointed out that Chen remained in China without incident for two years after the forced abortion without being persecuted for resisting China's family-planning policies. Moreover, the BIA held that Chen did not show that he would be persecuted in the future. Finally, the BIA agreed with the IJ's ruling that Chen had failed to establish that it was more likely than not that he would be tortured in China, and consequently it rejected his CAT claim. Chen then filed a timely petition for review in this Court. On August 24, 2011, we granted a stay of removal pending disposition of these proceedings.

We have jurisdiction under 8 U.S.C. § 1252(a)(1) to review the BIA's final order of removal. The venue in this Court is correct as Chen's removal proceedings were completed within our jurisdiction at Newark, New Jersey. 8 U.S.C. § 1252(b)(2). Where, as here, the BIA has based its decision on the IJ's adverse credibility analysis, we may review the opinions of both the BIA and the IJ. See Thu v. Att'y Gen., 510 F.3d

405, 412 (3d Cir. 2007).

We review agency factual determinations, including credibility findings and findings as to whether an alien has demonstrated past persecution or a well-founded fear of future persecution, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see also Kayembe v. Ashcroft, 334 F.3d 231, 234 (3d Cir. 2003). Because Chen filed his asylum application after May 11, 2005, the provisions of the REAL ID Act governing credibility determinations apply. See Chukwu v. Att'y Gen., 484 F.3d 185, 189 (3d Cir. 2007). Prior to the implementation of the REAL ID Act, minor omissions or inconsistencies that did not go to the heart of an asylum applicant's claim were insufficient to support adverse credibility determinations, see Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002), but under the REAL ID Act, a trier of fact may base its credibility determination on any inconsistencies, regardless of whether they are at the heart of the alien's claim, 8 U.S.C. § 1158(b)(1)(B)(iii).[1]

We discern no error in the BIA's conclusion that Chen failed to provide credible testimony in support of his claim that he would be persecuted in China by reason of his practice of Falun Gong. As the BIA noted, although Chen testified that he started practicing Falun Gong in September 2006, he did not include any reference to Falun

---

[1] The inconsistencies that the IJ and BIA found went to the heart of Chen's claims for relief and thus we would uphold the adverse credibility determination under the pre-REAL ID Act standards.

4

Gong in his May 14, 2007 asylum application. See Xie v. Ashcroft, 359 F.3d 239, 243 (3d Cir. 2004). We recognize that Chen tried to explain this discrepancy by indicating that he started practicing Falun Gong in September 2006 but was too busy to continue this practice once he arrived in the United States, and did not again practice Falun Gong until just after he filed his asylum application. The BIA, however, was not required to accept this explanation. See id. at 245-46.

There was further support for the adverse credibility finding in the inconsistency between Chen's and his uncle's testimony at the hearing before the IJ about the nature of their kinship, the circumstances in which Chen's uncle had first seen him practice Falun Gong, and the dates on which Chen's uncle had witnessed him practice. See Kin v. Holder, 595 F.3d 1050, 1058 (9th Cir. 2010). Thus, it is clear that there is substantial evidence supporting the BIA's adverse credibility findings with respect to Chen and these findings are fatal to Chen's Falun Gong-related claims for asylum, withholding of removal, and relief under the CAT. See Yu v. Att'y Gen., 513 F.3d 346, 349 (3d Cir. 2008); see also Zine v. Mukasey, 517 F.3d 535, 541 (8th Cir. 2008).

We likewise conclude that there is substantial evidence supporting the BIA's rejection of Chen's family-planning related claim. To be entitled to asylum on this claim, Chen must demonstrate that he suffered past persecution or has a well-founded fear of future persecution on account of his resistance to a coercive population-control program. See 8 U.S.C. § 1101(a)(42)(A). Indeed, it is clear that Chen has not presented any evidence that he has been persecuted due to his resistance to China's family-planning

5

policies.[2] Moreover, inasmuch as Chen remained in China for two years after his wife's forced abortion and during that period was not persecuted, the BIA surely was entitled to reject his contention that he will be persecuted if he returns to China. See Lie v. Ashcroft, 396 F.3d 530, 536-37 (3d Cir. 2005). Therefore, we perceive no error in the BIA's conclusion that Chen's asylum claim fails. Consequently, his withholding of removal claim also necessarily must fail. See Ghebrehiwot v. Att'y Gen., 467 F.3d 344, 351 (3d Cir. 2006). Finally, because the evidentiary record as a whole does not compel the conclusion that Chen is more likely than not to be tortured if removed to China, see Sevoian v. Ashcroft, 290 F.3d 166, 174-75 (3d Cir. 2002), we will uphold the BIA's rejection of Chen's CAT claim.

Accordingly, we will deny the petition for review and we will vacate our August 24, 2011 order staying his removal.

---

[2] As the BIA held, Chen is not entitled to relief on the basis of his wife's experiences. See Lin-Zheng v. Att'y Gen., 557 F.3d 147, 156-57 (3d Cir. 2009) (en banc).